Electronically Filed
Intermediate Court of Appeals
CAAP-10-0000005
16-DEC-2013
08:49 AM

NO. CAAP-10-0000005

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

HAWAI'I MANAGEMENT ALLIANCE ASSOCIATION, Petitioner-Appellant, v.
PREPAID HEALTH CARE OFFICE, DISABILITY COMPENSATION DIVISION,
DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS, STATE OF HAWAI'I;
A-1 MASTER ROOFING, INC.; PETER TAMURA; ROBERT J. CLEMENTS; AND
SUZETTE ANGUAY; JOHN DOES 1-25, Respondent-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 10-1-0151)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

In this secondary appeal from Referee Johnrae F.
Christian's (Referee) decision that it was responsible for
payment of medical benefits to certain employees of A-1 Master
Roofing, Inc. (A-1), Petitioner-Appellant Hawai'i Management
Alliance Association (HMAA) appeals from the September 8, 2010
Final Judgment entered by the Circuit Court of the First Circuit
(Circuit Court)[1] affirming Prepaid Health Care Office, Disability
Compensation Division, Department of Labor and Industrial
Relations, State of Hawai'i's (Prepaid) Referee's Decision.

On appeal before this court, HMAA argues that the
Circuit Court erred in affirming the Referee's decision because
it (1) failed to conclude, as a matter of law, that A-1 breached
its agreement with HMAA by failing to pay premiums, "thereby

---

[1]     The Honorable Karl K. Sakamoto presided.

releasing any obligation by HMAA to pay for health care services rendered[;]" (2) concluded, as a matter of law, that based on Williams v. Hawaii Med. Servs. Ass'n, 71 Haw. 545, 798 P.2d 442 (1990) and the interpretation of Hawaii Administrative Rules (HAR) § 12-12-28[2] contained therein, that HMAA must pay for the health care benefits incurred by the employees; (3) concluded, as a matter of law, that the health care benefits incurred by the employees should not be paid by the Prepaid Health Care Premium Supplementation Fund (Fund) pursuant to Hawaii Revised Statutes (HRS) § 393-48 (1993);[3] and (4) failed to conclude, as a matter

---

[2]     This section provides,

§12-12-28 **Cancellation of contract.** (a) No health care contractor shall cancel a contract providing in whole or in part for health care benefits required by the statute prior to the expiration date of the contract unless written notice of intention to cancel on a specified date and reason therefor has been filed with and served on the employer and the director at least ten days prior to the specified cancellation date.

(b) The ten days' advance notice requirement in subsection (a) need not be complied with when a new contractor is simultaneously substituted. In the event of substitution, the previous contractor shall immediately file with and serve on the employer and the director, notice that the contract was canceled, the specific date and the reason for cancellation.

(c) If a plan provides by its terms for an expiration date, acceptance of the plan by the director is notice thereof.

(d) The employer shall notify its covered employees of the cancellation of coverage for nonpayment of premium. The employees shall be given an option of individual coverage if premium payment is made within ten days directly to the contractor.

[3]     HRS § 393-48 provides,

§393-48 **Prepaid health care benefits to be paid from the premium supplementation fund; recovery of benefits.** Prepaid health care benefits shall be paid from the premium supplementation fund to an employee who is entitled to receive prepaid health care benefits but cannot receive such benefits because of bankruptcy of the employee's employer or because the employee's employer is not in compliance with this chapter. Benefits paid from the premium supplementation fund to such employee may be recovered from the employee's bankrupt or noncomplying employer. The director shall institute administrative and legal actions as

(continued...)

2

of law, "that the only possible monetary liability for HMAA's inadvertent failure to timely provide the required notice of cancellation to Prepaid is in HRS section 393-33(b), which sets forth a $200 fine for any willful violation of the Prepaid Health Care Act."

After a careful review of the record, the issues raised and the arguments made by the parties, and the applicable authority, we affirm the Final Judgment for the following reasons:

The dispositive issue in this appeal is whether the failure of A-1 to pay premiums to HMAA, per se, released the latter from any obligation to pay medical services benefits to A-1's employees. It is undisputed that A-1 failed to pay the premiums required by its contract with HMAA and thus was in breach of that contract.[4] However, the parties also do not dispute that HMAA failed to give notice to Prepaid that it had terminated its contract with A-1. Moreover, the record reflects that HMAA gave only retroactive notice of cancellation to A-1. As a result, HMAA failed to comply with the requirements of HAR § 12-12-28(a). The Circuit Court ruled that Williams controlled in this situation, concluding that "non-compliance with rule section 12-12-28(a), HAR, effectively bars a health care contractor from cancelling the employer's group health plan."

Conclusions of law are reviewed under a de novo standard of review. AlohaCare v. Ito, 126 Hawai'i 326, 341, 271 P.3d 621, 636 (2012). "[I]nsurance policies are governed by statutory requirements in force and effect at the time such policies are written[,]" and "[s]uch provisions are read into

---

[3] (...continued)
provided in section 393-33 to effect recovery of such benefits.

[4]   The Group Services Agreement between A-1 and HMAA provided for the termination of the Agreement and Plan "for failure to pay full Plan Dues and premiums, retroactive to the last month for which payment was made in full, unless all Plan Dues and premiums and any charges owing under this Agreement are brought current within ten (10) days of HMAA providing written notice of default to the Group."

each policy issued thereunder, and become a part of the contract with full binding effect upon each party." AIG Hawaii Ins. Co., Inc. v. Estate of Caraang, 74 Haw. 620, 633, 851 P.2d 321, 328 (1993) (citation and internal quotation marks omitted). Properly promulgated "[administrative] rules have the force and effect of law." State v. Kirn, 70 Haw. 206, 208, 767 P.2d 1238, 1239-40 (1989). Additionally, "[w]hen the terms of an insurance contract are in conflict with statutory language, the statute must take precedence over the terms of the contract." Sol v. AIG Hawai'i Ins. Co., 76 Hawai'i 304, 307, 875 P.2d 921, 924 (1994).

Thus, HAR § 12-12-28, effective as of May 7, 1981, sets out the specific procedure for the cancellation of prepaid health contracts and did apply to HMAA's attempt to cancel the contract with A-1. That HMAA failed to comply with this procedure meant that HMAA did not effectively cancel the contract, leaving it in force. While A-1 is still in breach of the contract, it was still incumbent on HMAA to comply with this regulation if it intends to exercise its rights under the contract. Williams, 71 Haw. at 549-50, 798 P.2d at 444-45 (rejecting the insurer's argument that despite its failure to give notice under HAR § 12-12-28(a), it had no obligation under the contract as it would render the notice provision "ineffective and superfluous"); see also, St. Paul Fire & Marine Ins. Co. v. Southwestern Improvement, Inc., 719 S.W.2d 708, 710 (Ark. Ct. App. 1986) (construing Ark. Stat. Ann. § 81-1338(b), holding that "once a policy of insurance has been procured in satisfaction of the legislative requirement, it may not effectively be cancelled without notice to both the employer and the Commission") and Lifeline Ambulance, Inc. v. Iowa Ins. Div., 505 N.W.2d 186 (Iowa 1993) (termination of the insurance contract did not occur until the notice required by law was given). As HMAA failed to

effectively terminate its contract with A-1, the Circuit Court did not err in affirming the Referee's decision.

Therefore, we affirm the September 8, 2010 Final Judgment entered by the Circuit Court of the First Circuit.

DATED: Honolulu, Hawai'i, December 16, 2013.

On the briefs:

William C. McCorriston,
Kenneth J. Mansfield,
Jordon J. Kimura,
(McCorriston Miller Mukai
MacKinnon),
for Petitioner-Appellant.


Gary S. Ige,
Frances E.H. Lum,
Deputy Attorneys General,
for Respondent-Appellee
Department of Labor and
Industrial Relations,
State of Hawai'i.

Presiding Judge

Associate Judge

Associate Judge